UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KRISTIN LINDSTROM-HERNANDEZ,                    Case No. 6:11-cv-06275-HA

       Plaintiff,                                        ORDER

   v.

COMMISSIONER of Social Security,

       Defendant.

_____

HAGGERTY, District Judge:

On October 9, 2012, this court entered a Judgment [19] reversing the decision of the

Administrative Law Judge and remanding this matter to the Commissioner of Social Security for

further proceedings.  Following the remand, plaintiff was awarded benefits.

1 -- ORDER

Plaintiff's counsel now moves for a fee award of $11,924.50 pursuant to 42 U.S.C. §

406(b)(1)(A). Plaintiff's counsel was previously awarded $3,802.50 pursuant to the Equal

Access to Justice Act (EAJA), 28 U.S.C. § 2412, however, this amount was not paid to counsel

as it was garnished to pay plaintiff's debt to the government. Accordingly, the previous EAJA

award will not be subtracted from any amount awarded now. The total requested fee constitutes

twenty-five percent of plaintiff's retroactive benefits. Although defendant does not object to the

proposed award, this court performs an independent review to ensure that the award is

reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons,

plaintiff's counsel's Unopposed Motion for Attorney Fees [24] is granted.

## DISCUSSION

After entering a judgment in favor of a Social Security claimant, the court may award a

reasonable fee to the claimant's counsel that does not exceed twenty-five percent of the total

amount of the past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A).

Pursuant to the statutory guidance, plaintiff's counsel and her client executed a fee agreement

providing that counsel's fee following a favorable outcome from this court would equal twenty-

five percent of any past-due benefits received. This agreement is within the statutory limits.

The fee award currently sought by counsel represents twenty-five percent of plaintiff's

total award of past-due benefits. The requested contingent fee award for plaintiff's counsel,

however, is neither automatic nor presumed. *Dunnigan v. Comm'r*, Civil No. 07-1645-AC, 2009

WL 6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). This court

may reject a contingent fee agreement that fails to "yield reasonable results" in a particular case.

*Gisbecht*, 535 U.S. at 807. Counsel therefore must establish that the requested award is

reasonable, even if it does not exceed the twenty-five percent ceiling. *Id.*

2 -- ORDER

This court may reduce a contingent fee in cases in which the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time spent on the case. *Id.* at 808. In deciding the reasonableness of the fee, the court should consider: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" such that the award would constitute an unwarranted windfall. *Crawford v. Astrue*, 586 F.3d 1142, 1151-53 (9th Cir. 2009).

The record in this case provides no basis for a reduction in the requested § 406(b) fee due to the character of counsel's representation, the results obtained, or any delay. Plaintiff's counsel presented sound arguments in her opening brief that resulted in a remand for further proceedings and an eventual award of benefits for her client. Plaintiff's counsel sought, and was granted, one twenty-eight day extension of time in which to file the opening brief. Though this delay caused some additional past due benefits to accrue, the court does not find a reduction is in order for this short delay. Accordingly, a reduction of counsel's fee request is unwarranted under these three factors.

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808. The Ninth Circuit has also recently explained that this court may evaluate the complexity and risks of the *specific* case at issue when assessing the reasonableness of a fee request. *Stokes v. Comm'r of Soc. Sec. Admin.*, No. 10–35628, 2011 WL 1749064, at *1 (9th Cir. 2011) (quoting

3 -- ORDER

*Crawford*, 586 F.3d at 1153).  This court does not provide an in depth review of the general risks of Social Security cases, because the general risks in all Social Security cases are the same.

In this court's estimation, this case was of average risk for a Social Security case.  It was a relatively simple and straightforward case dealing with the sorts of issues (improper rejection of physician's opinions, treatment of plaintiff's testimony, etc . . .) that are commonplace in this type of litigation.

Plaintiff's counsel worked 20.75 hours on this case. The requested fee award results in an hourly rate of $583.  This sum is not entirely unusual in contingent fee cases and the court concludes that the requested fee is reasonable in light of the risks associated with this type of litigation, the time spent by counsel, and the results achieved.

## CONCLUSION

For the reasons stated, counsel's Unopposed Motion for Attorney Fees [24] is granted. Counsel is entitled to $11,924.50 in § 406(b) fees, representing twenty-five percent of the disabled plaintiff's retroactive benefits recovery.

IT IS SO ORDERED.

DATED this _12_ day of August, 2014

Ancer L. Haggerty
United States District Judge

4 -- ORDER